**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTTIE PIPPEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 11 cv 8834 |
| | ) | |
| NBCUNIVERSAL MEDIA, LLC; CBS | ) | Judge Sharon J. Coleman |
| INTERACTIVE INC., MINT SOFTWARE | ) | |
| INC. wholly owned subsidiary of INTUIT INC., | ) | Magistrate Judge Young B. Kim |
| EVOLVE MEDIA CORPORATION, | ) | |
| INFOGROUP, INC., INVESTING ANSWERS | ) | |
| INC., ARIZONA STATE UNIVERSITY, | ) | |
| UNIVERSITY OF TAMPA INC., ONE | ) | |
| MONEY DESIGN, and SPORTSREPORT 360 | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT RULE 12(b)(6) MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants CBS Interactive Inc., Evolve Media Corporation, Mint Software Inc., NBCUniversal Media, LLC, and InvestingAnswers, Inc. (collectively the "Moving Defendants") respectfully move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for the entry of an order dismissing this action with prejudice. In support of this motion, the Moving Defendants state as follows:

1.      The plaintiff in this action, Scottie Pippen, is one of the most celebrated professional basketball players of all time.

2.      Pippen has filed an Amended Complaint ("Complaint") in this action against the Moving Defendants. Pippen bases his claims in the Complaint exclusively on the allegation that the Moving Defendants injured his reputation by falsely asserting in their publications that he was bankrupt. The Complaint asserts claims for negligence (Count I), false light invasion of privacy (Count II), and defamation *per se* (Count III) based on this core allegation.

3.      Pippen unquestionably is a public figure.  As a result, he is required by the First Amendment to the United States Constitution to plead facts showing that the Moving Defendants published the allegedly false statements with "actual malice," which the law defines to mean with knowledge of the falsity of the statements or while the Moving Defendants entertained serious doubts as to their truth or had a high degree of awareness of their probably falsity.

4.      Each count of the Complaint fails to state a claim upon which relief may be granted based on governing Illinois common law and the First Amendment to the United States Constitution.

### COUNT I

5.      Pippen asserts a claim for negligence in Count I.  That count is fatally deficient as a matter of law.  The First Amendment requires public figures who assert claims based on the publication of allegedly false statements to plead and prove actual malice.  A claim of negligence, like Pippen asserts in Count I, is insufficient as a matter of law to satisfy this constitutional burden.

### COUNT II

6.      Pippen asserts a false light invasion of privacy claim in Count II.  Count II fails to state a claim upon which relief may be granted for three independent reasons:

   a)      it fails to allege facts showing that Defendants published the allegedly false statements with actual malice, which is an indispensible element of a false light claim for all plaintiffs under Illinois common law;

   b)      it fails to allege facts showing that Defendant published the allegedly false statements with actual malice, as the First Amendment requires for claims asserted by a public figure like Pippen; and

   c)      as set forth below, Pippen's false light claim is based on publications that are not defamatory *per se*.  Under these circumstances, Illinois law requires him to plead special damages with particularity to state a false light claim, but he has failed to do so.

2

## COUNT III

7.    Pippen seeks to maintain a defamation *per se* claim in Count III.  Count III fails to state a claim upon which relief may be granted for three independent reasons:

     a)    the statements at issue are insufficient to sustain a defamation *per se* claim as a matter of law because they do not fall within any of the limited categories of statements that are actionable *per se*;

     b)    the statements cannot sustain a defamation *per se* claim as a matter of law under the Illinois innocent constitution rule because they are susceptible to reasonable constructions that would not be actionable *per se*; and

     c)    as a public figure, Pippen is required by the First Amendment to plead facts showing that Defendants published the allegedly false statements at issue with actual malice, but he has failed to do so.

## CONCLUSION

8.    Pippen cannot cure the defects set forth in this motion in an amended complaint. Accordingly, the Court should dismiss this action with prejudice.

9.    In accordance with this Court's order of February 17, 2012, Moving Defendants are filing a joint memorandum in support of this motion, and separate supplemental memoranda applying the principles set forth in the joint memorandum to their individual publications.

WHEREFORE, Defendants respectfully request that this Court enter an order dismissing this action with prejudice.

March 16, 2012

NBCUNIVERSAL MEDIA, LLC

By: /s/ David P. Sanders (w/ permission)
    David P. Sanders
    JENNER & BLOCK LLP
    353 North Clark St.
    Chicago, Illinois 60654
    (312) 222-9350

MINT SOFTWARE, INC.

By: /s/ Rodger R. Cole (w/ permission)
    Rodger R. Cole (pro hac vice)
    Songmee L. Connolly (pro hac vice)

    Sean S. Wikner (pro hac vice)
    FENWICK & WEST LLP
    801 California Street
    Mountain View, California 94041
    (650) 988-8500

    Steven P. Mandell
    Steven L. Barren
    MANDELL MENKES, LLC
    One N. Franklin Street
    Chicago, Illinois 60606
    (312) 251-1000

INVESTING ANSWERS, INC.

By: /s/ Ryan B. Jacobson (w/ permission)
    Ryan B. Jacobson
    SMITH AMUDSEN LLC
    150 North Michigan Avenue
    Chicago, Illinois 60601
    (312) 894-3252

CBS INTERACTIVE INC.

By: /s/ Brian A. Sher
    Brian A. Sher
    Jena M. Valdetero
    BRYAN CAVE LLP
    161 North Clark Street
    Chicago, Illinois 60601
    (312) 602-5000

    Lee Levine
    Chad R. Bowman
    LEVINE SULLIVAN KOCH &
        SCHULZ, LLP
    1899 L Street, N.W., Suite 200
    Washington, D.C. 20036
    (202) 508-1100

EVOLVE MEDIA CORPORATION

By: /s/ Brian A. Sher
    Brian A. Sher
    Jena M. Valdetero
    BRYAN CAVE LLP
    161 North Clark Street
    Chicago, Illinois 60601
    (312) 602-5000

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned hereby certifies that the foregoing was served on this 16th day of March, 2012, via this Court's ECF system to all counsel of record.

By: <u>/s/ Brian A. Sher</u>