IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTTIE PIPPEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 11 cv 8834 |
| | ) | |
| NBCUNIVERSAL MEDIA LLC; CBS | ) | Judge Sharon Johnson Coleman |
| INTERACTIVE INC., MINT SOFTWARE | ) | |
| INC. wholly owned subsidiary of INTUIT INC., | ) | Magistrate Judge Young B. Kim |
| EVOLVE MEDIA CORPORATION, | ) | |
| INFOGROUP, INC., INVESTING ANSWERS | ) | |
| INC., ARIZONA STATE UNIVERSITY, | ) | |
| UNIVERSITY OF TAMPA INC., ONE | ) | |
| MONEY DESIGN, and SPORTSREPORT 360, | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL MEMORANDUM OF NBCUNIVERSAL MEDIA, LLC IN
SUPPORT OF DEFENDANTS' JOINT RULE 12(b)(6) MOTION TO DISMISS THE
AMENDED COMPLAINT**

David P. Sanders
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel (312) 222-9350
Fax (312) 840-7363

Attorney for NBCUniversal Media, LLC

Defendant NBCUniversal Media, LLC ("NBCUniversal") respectfully submits this supplemental memorandum in support of its Rule 12(b)(6) motion to dismiss the Amended Complaint ("Complaint"). NBCUniversal hereby incorporates the Moving Defendants' Joint Memorandum of Law in support of its motion to dismiss.

## FACTUAL BACKGROUND

Pippen's claims against NBCUniversal are based on a slideshow published on the CNBC.com website on April 26, 2011.[1] Compl. ¶ 15. Page 14 of the slideshow contained an article about Pippen and a photograph of him. It stated in its entirety:

> Scottie Pippen is best remembered for his tenure with the Chicago Bulls. The 2010 Basketball Hall of Fame inductee was there when they won six NBA Championships, and he was there during the 1995-1996 season in which they won 72 games. He is also the only person to win both an NBA championship and an Olympic gold medal in the same year, and he is one of only four players from the Chicago Bulls to have his jersey retired.
>
> Unfortunately, Pippen's successes on the court couldn't stop him from losing career earnings worth $120 million, including over $4 million for a corporate jet that was grounded just months after he bought it. He sued his attorneys for $8 million for failing to monitor the purchase, and he won the lawsuit. However, the jury ruled that Pippen bore plenty of responsibility for the purchase himself, and he was awarded only one quarter of the reward that he sought.
> Ex. A at 14 (CNBC slideshow).[2]

---

[1] An online slideshow allows an Internet user to click through a series of pages that each contains a short item of text, and sometimes photographs, graphics or other elements.

[2] The Court may consider the full content of the slideshow without converting this motion into a motion for summary judgment because "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim." *Continental Cas. Co. v. American Nat'l Ins. Co.*, 417 F.3d 727, 731 n.2 (7th Cir. 2005). Courts routinely consider the entirety of a published work on a motion to dismiss a defamation claim, without converting it to one for summary judgment, where the complaint does not attach the whole work. *See, e.g., Chi v. Loyola Univ. Med. Ctr.*, 787 F. Supp. 2d 797, 806 n.1 (N.D. Ill. 2011); *Lott v. Levitt*, 469 F. Supp. 2d 575, 577, n.1 (N.D. Ill. 2007), *aff'd*, 556 F.3d 564 (2009).

Each page of the slideshow contained a short article about the financial reversals experienced by a famous athlete. The heading "15 Athletes Gone Bankrupt" appeared on each page. The headings "15 Athletes Gone Broke" and "Athletes Who Lost It All" also appeared on the first page. *Id.* at 1.

## I. COUNT III FAILS AS A MATTER OF LAW UNDER THE ILLINOIS INNOCENT CONSTRUCTION RULE

Pippen's defamation *per se* claim must be dismissed as to NBCUniversal under the innocent construction rule. "[A] statement that is reasonably capable of an innocent construction is not *per se* defamatory." *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009); *see generally* Joint Mem. at 15-16 (briefing Illinois law on the innocent construction rule). When CNBC's challenged statements are "read together as a whole" with consideration given to the "import of the entire article," and the words therein are given their "natural and obvious meaning," as required under the innocent construction rule, *Harrison v. Chicago Sun-Times*, 341 Ill. App.3d 555, 569, 793 N.E.2d 760, 771 (1st Dist. 2003) (quotations omitted), it is clear that CNBC's challenged statements are reasonably capable of an innocent construction that falls outside the *per se* categories upon which Pippen's claims must be based.

Courts dismiss suits under the innocent construction rule even where the statement casts the plaintiff in a negative light but does not impugn his *professional* integrity or ability. For example, in *Green v. Rogers*, 234 Ill.2d 478, 500, 917 N.E.2d 450, 464 (2009), the plaintiff, a dentist and lawyer who also held positions in a youth baseball league, alleged that the defendant had accused him of "a long pattern of misconduct with children" and of "abus[ing] players, coaches, and umpires" in the league. The court held that, in context, it was reasonable to interpret the defendant's statements as "accusing plaintiff not of the worst forms of abuse or misconduct" but only of "mismanagement" and of "coarsely reproaching" children and adults in

2

the baseball league. 234 Ill.2d at 502, 917 N.E.2d at 465. So interpreted, the statements reasonably could be read in a way that was not defamatory *per se* because they did not "prejudice the plaintiff or impute a lack of ability in his professions." *Id.* (quotation omitted).

Here, a construction of CNBC's statements that does not disparage Pippen in his professional capacity is not only reasonable, it is self-evident from the narrow content of the slideshow. Not one word in the slideshow disparages Pippen in his employment. To the contrary, CNBC's slideshow was about professional athletes who lost fortunes earned during their playing careers. Consistent with this theme, the two paragraphs discussing Pippen recounted some highlights of Pippen's basketball career, and then noted that he had lost an enormous sum in career earnings. The only example in the article of Pippen losing money referred to his loss on the purchase of a jet airplane for himself. Even then, the articles focused on the lawsuit he brought against his former attorneys "for failing to monitor the purchase." *See* Ex. A at 14. The slideshow in no way disparages Pippen as a team ambassador, basketball analyst, coach or player, or otherwise ties his loss of money to any aspect of his employment or professional conduct.

Read in context, as the innocent construction rule requires, CNBC's statements merely describe a successful professional athlete experiencing financial reversals. Given the article's highlighting of a financial loss that Pippen allegedly sustained due to his attorneys' misfeasance, the slideshow reasonably can be read to connote that Pippen spent too much or trusted the wrong people. While CNBC's statements may cast Pippen as unsophisticated or inattentive in his personal financial affairs, they clearly are capable of a reasonable construction that does not impugn Pippen *in his chosen profession*. Where, as here, there is a reasonable construction that falls outside the *per se* category, the innocent construction rule bars a *per se* claim, even if there

3

is an alternative construction that would be defamatory *per se*. *See Green*, 234 Ill.2d at 500, 917 N.E.2d at 464 ("There is no balancing of reasonable constructions.").

The Seventh Circuit's decision in *Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527 (7th Cir. 2009) is not to the contrary. In *Giant Screen*, the defendant bank sent a letter to an insurer stating that the plaintiff business entity was "still in default" and had failed or refused to pay its obligations. *Id.* at 531, 533. In the letter, the bank accused the plaintiff of an intentional breach that entitled the bank to collect on insurance proceeds. *See id.* at 534. In that context, the court found that the only reasonable construction of the bank's statements was that the plaintiff's "contractual word to meet an obligation is meaningless," which was defamatory *per se* as to a "transacting business" such as plaintiff. *Id.*

CNBC's slideshow is not even remotely similar to the frontal attack on the business integrity of the plaintiff in *Giant Screen*. CNBC said nothing about how Pippen conducted business and did not accuse him of intentionally breaching an obligation. Rather, it is reasonably construed, in context, to carry the non-*per se* meaning that Pippen lost a fortune due to bad advice, overspending, questionable decisions or misfortune. Count III fails as a matter of law.

## II. PIPPEN'S COMPLAINT MUST ALSO BE DISMISSED BECAUSE HE HAS NOT AND CANNOT ADEQUATELY PLEAD ACTUAL MALICE

As a public figure, Pippen must plead facts that, if proven, would support a finding, by clear and convincing evidence, that NBCUniversal "published defamatory statements despite a high degree of awareness of probable falsity or entertaining serious doubts as to its truth." *Madison v. Frasier*, 539 F.3d 646, 657 (7th Cir. 2008); *see* Joint Mem. at 17-24. Pippen has not pled and cannot plead such facts with regard to the CNBC article, which self-evidently republished information that was previously reported and widely disseminated, including in news reports referenced in the Joint Memorandum. (*Id.* at 21-23.) For example, CNBC's article closely resembles in substance a June 29, 2010 report posted on the *Sports Channel News*

4

website under the heading, "**Tag Archives: Scottie Pippen bankruptcy**" (Ex. B), as this comparison confirms:

| JUNE 29, 2010 SPORTS CHANNEL NEWS REPORT | CNBC ARTICLE (APRIL 26, 2011) |
|---|---|
| …Pippen, who has reportedly lost $120 million in career earnings over the years (http://www.prosportsdaily.com/forums/showthread.php?t=465080), sued two attorneys at the Chicago law firm Pedersen & Houpt for a total of $8.2 million. Pippen alleged the attorneys failed to closely monitor his 2002 purchase of a jet, which was grounded only months after he bought it, for upgrades and refurbishing the interior. Pippen reportedly spent $4.3 million on the Gulfstream II corporate jet. The jury ruled that Pippen deserved blame as well in the bad business deal, awarding him roughly one-quarter of what he asked for. …[3] | …Unfortunately, Pippen's successes on the court couldn't stop him from losing career earnings worth $120 million, including over $4 million for a corporate jet that was grounded just months after he bought it. He sued his attorneys for $8 million for failing to monitor the purchase, and he won the lawsuit. However, the jury ruled that Pippen bore plenty of responsibility for the purchase himself, and he was awarded only one quarter of the reward that he sought. |

CNBC's article plainly relied upon and summarized previously published, unchallenged news reporting. Thus, Pippen cannot in good faith plead facts that would support a finding of actual malice because "'good faith reliance on previously published reports in reputable sources . . . precludes a finding of actual malice as a matter of law,'" Joint Mem. at 23-24 (quoting *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1297 (D.C. Cir. 1988) and citing authorities).

## CONCLUSION

For the foregoing reasons and those stated in the Joint Memorandum, NBCUniversal respectfully requests that the Court dismiss this action with prejudice.

NBCUNIVERSAL MEDIA, LLC

s/David P. Sanders
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350

---

[3] *Emotional Scottie Pippen Wins $2 Million Lawsuit Verdict*, Sportschannelnews.com, June 29, 2010, http://www.sportschannelnews.com/tag/scottie-pippen-bankruptcy.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| SCOTTIE PIPPEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11 cv 8834 |
| NBCUNIVERSAL MEDIA LLC; CBS INTERACTIVE INC., MINT SOFTWARE INC. wholly owned subsidiary of INTUIT INC., EVOLVE MEDIA CORPORATION, INFOGROUP, INC., INVESTING ANSWERS INC., ARIZONA STATE UNIVERSITY, UNIVERSITY OF TAMPA INC., ONE MONEY DESIGN, and SPORTSREPORT 360, | ) ) Judge Sharon Johnson Coleman ) ) Magistrate Judge Young B. Kim ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT NBCUNIVERSAL MEDIA LLL'S
LOCAL RULE 3.2 NOTIFICATION AS
TO AFFILIATES**

Pursuant to Local Rule 3.2, the undersigned counsel for Defendant NBCUniversal Media LLC certifies that it is indirectly owned 51% by Comcast Corporation and 49% by General Electric Company, which are both publicly held corporations.

NBCUNIVERSAL MEDIA LLC


By: /s/ David P. Sanders
One of its attorneys

David P. Sanders
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 16, 2012, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court via the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                                  s/David P. Sanders
                                                                                       Attorney for Defendant
                                                                                       NBCUniversal Media, LLC

2085028.2