IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTTIE PIPPEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 11-cv-8834 |
| v. | ) | |
| | ) | |
| | ) | Judge Sharon Johnson Coleman |
| NBC UNIVERSAL MEDIA, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Scottie Pippen claims that he was defamed by the publication of several statements that he had filed bankruptcy or was nearly insolvent when, in reality, he was in good financial health. He also claims that the statements were negligently made and that they invaded his privacy by portraying him in a false light. The defendants seek dismissal of his complaint for failure to state a claim for relief. For the reasons that follow, the defendants' motion is granted with prejudice as to Count I of the complaint, and without prejudice as to Counts II and III. Plaintiff may request leave to file a complaint which remedies the Count II and Count III pleading deficiencies identified in this order by September 7, 2012.

Defamation Claim

Plaintiff's complaint identifies several internet website articles that refer to him as bankrupt and alleges that each of the six current defendants published one of the articles in 2011. Plaintiff alleges that the statements that he was bankrupt were false, that he has never filed bankruptcy, and that in the last decade, his net worth has not been less than $40 million. The

complaint asserts that the false statements that he was bankrupt were defamatory *per se.* [Amended Complaint, Docket #31, par. 43.]

Under Illinois law, a false statement is defamatory *per se*, and actionable without proof of special damages, if it falls into one of five categories: (1) words that impute the commission of a criminal offense; (2) words that impute infection with a loathsome communicable disease; (3) words that impute an inability to perform or want of integrity in the discharge of duties of office or employment; (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession or business; or (5) words that allege fornication or adultery. *Bryson v. News America Publications, Inc.,* 174 Ill. 2d 77, 88-89 (1996). Attacks related to personal integrity and character have not been deemed defamatory *per se. Cody v. Harris,* 409 F.3d 853, 858 (7th Cir. 2005). The allegedly defamatory statements here can be construed, at worst, as allegations of a lack of ability in management of plaintiff's personal finances. The complaint does not suggest that the statements are in any way directed to any aspect of plaintiff's performance in any professional role. The court accordingly concludes that the complaint fails to state a cause of action for defamation *per se.*

Illinois law also recognizes defamation *per quod* for statements not included in the *per se* categories. In actions for *per quod* defamation, pleading of special damages is required. *Tuite v. Corbitt,* 224 Ill. 2d 490, 501 (2006). Plaintiff's complaint states only that as a result of defendants' statements, his offers for personal appearances and endorsements "have dwindled to a fraction of what they had been previously." Since special damages must be alleged with more detail, plaintiff's complaint fails to state a cause of action for defamation *per quod. Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 927 (7th Cir. 2003); F.R.C.P. 9(g).

Even if the complaint is construed to sufficiently allege defamation, it fails to state a claim for defamation that is actionable in accordance with First Amendment protections. The First Amendment shields defendants from liability for defamatory statements against public figures unless those statements are made with actual malice. *Harte-Hanks Communications, Inc. v. Connaughton,* 491 U.S. 657, 666 (1989). Whether the plaintiff is a public figure is an issue to be decided by the court. *Brewer v. Memphis Publishing Co.,* 626 F.2d 1238, 1247 (5th Cir. 1980). In this case, the allegations of plaintiff's complaint detail his numerous achievements as a professional basketball player, including his membership on National Basketball Association championship winning teams, his membership on two Olympic gold-medal winning basketball teams, and his selection as one of the NBA's 50 greatest players of all time. [Amended Complaint, par. 31.] The complaint also describes plaintiff's ongoing public prominence as both an honoree and a supporter of numerous charitable organizations. [Id. at par. 25.] The court concludes that plaintiff's complaint concedes beyond dispute that he has achieved the prominence that makes him a public figure for all purposes under defamation law, and that he may not recover for defendants' statements, even if they are defamatory, in the absence of actual malice. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 345 (1974).

"Actual malice" requires subjective awareness on the part of the defendant, such as doubt about the truth of the statement or knowledge of its probable falsity, not mere failure to investigate. *Harte-Hanks,* 491 U.S. at 688. In the present case, the complaint alleges that the statements were published with "actual malice," [Amended Complaint, par. 42] but provides no additional detail, and does not suggest that any of the defendants were alerted in any way to the possible inaccuracy of the statements they published. Although Rule 9(b) of the Federal Rules of

3

Civil Procedure allows malice to be alleged "generally," the bare conclusory claim of malice, unaccompanied by allegations from which the required subjective element of malice might be inferred, is insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 686-87 (2009); *Schatz v. Republican State Leadership Committee,* 669 F.3d 50, 58 (1st Cir. 2012).

For the foregoing reasons, Count III of the plaintiff's complaint is dismissed.

### False Light Claim

Plaintiff's complaint also alleges that the defamatory publications invaded his privacy by portraying him in a false light. A false light invasion of privacy claim under Illinois law may be pursued as an alternative to a defamation claim. *Dubinsky v. United Airlines Master Executive Council,* 303 Ill. App. 3d 317, 330 (1st Dist. 1999). A false light claim must allege that the defendant placed plaintiff in a false light before the public, that the false light would be highly offensive to a reasonable person, and that the defendant acted with actual malice. *Id.*

The actual malice required for a sufficient pleading of false light invasion of privacy in Illinois is the equivalent of that required in defamation actions. *Lovgren v. Citizens First National Bank of Princeton,* 126 Ill. 2d 411, 422-23 (1989); *Schaffer v. Zekman,* 196 Ill. App. 3d 727, 734 n.2 (1st Dist. 1990). The court's conclusion regarding the insufficiency of plaintiff's allegations of actual malice for defamation purposes thus dictates the same result for his false light claim, and the court dismisses Count II of the complaint for failure to sufficiently allege actual malice.

### Negligence Claim

Count I of plaintiff's complaint alleges that the defendants' publications of false statements negligently injured him. A plaintiff may not recover for the merely negligent

4

publication of false statements regarding public figures. *Hustler Magazine, Inc. v. Falwell,* 485 U.S. 46, 56-57 (1988), *Time, Inc. v. Hill,* 385 U.S. 374, 389-91 (1988). Count I of the complaint is accordingly dismissed with prejudice.

## Conclusion

Defendants' motion to dismiss is granted. Count I of the complaint is dismissed with prejudice. Since it is not clear that plaintiff would be unable to make sufficient allegations as to Counts II and III of the complaint, the dismissal of these counts is without prejudice. As to these counts, plaintiff may file a motion for leave to file an amended complaint and an attached proposed complaint which remedies the pleading defects identified in this order by September 7, 2012. In the absence of either the motion or a sufficiently pled proposed complaint, this action will be dismissed with prejudice.

So ordered.

August 2, 2012

_____
Sharon Johnson Coleman
District Judge